UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MILTONOUS KINGDOM,

    Petitioner,

    v.

A.A. LAMERQUE,

    Respondent.
_____/

No. C 04-2342 PJH

**ORDER FOR FURTHER BRIEFING RE: TIMELINESS**

Petitioner is a California prisoner currently incarcerated at Folsom State Prison, who has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Based upon the court's review of the petition and the exhibits submitted in support of the petition, it appears that the petition is untimely pursuant to AEDPA's statute of limitations, 28 U.S.C. § 2244. Accordingly, the parties are hereby ORDERED to address the timeliness issue, as follows.

**BACKGROUND**

In 1998, petitioner was convicted by an Alameda County jury of felony murder in connection with the kidnap and murder of a victim. Special circumstances were found to exist in connection with petitioner's alleged participation in the kidnap and murder, and petitioner was sentenced to life without possibility of parole. Petitioner filed an unsuccessful direct appeal of his conviction in the California courts, and the Supreme Court of California denied review of petitioner's direct appeal on December 15, 1999. Petitioner then commenced a state habeas petition, which petitioner brought before the California Superior Court, the California Court of Appeal, and the California Supreme Court. The California Supreme Court issued the final denial of the petition by order dated August 13,

1  2003.

2  Petitioner filed the instant federal habeas petition on June 15, 2004. However, due
3  to a clerical error, the file containing petitioner's federal habeas filing was misplaced, and it
4  was not until recently that the court learned of the error, and took steps to correct it by
5  having petitioner's counsel send a copy of the original petition to the court for review and
6  processing.

## DISCUSSION

A.    Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. at § 2243.

B.    Statute of Limitations

Federal petitions for a writ of habeas corpus by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1).

Here, given that petitioner filed a direct appeal, his judgment became final on March 14, 2000, ninety days after the California Supreme Court denied review of petitioner's direct appeal on December 15, 1999. See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir.

1  2002)(where petitioner did not file petition for certiorari, his conviction became final 90 days
2  after the California Supreme Court denied review).  Accordingly, the AEDPA's one-year
3  statute of limitations period commenced on March 15, 2000.  See 28 U.S.C. §
4  2244(d)(1)(A)(if petitioner could have sought direct review by U.S. Supreme Court, but did
5  not, the limitations period will begin running against him the day after the date on which the
6  time to seek review expired).  However, petitioner subsequently sought state habeas relief
7  for the first time on December 15, 2000, at which time the statute of limitations was
8  statutorily tolled.  See 28 U.S.C. § 2244(d)(2)(time during which a properly filed state post-
9  conviction proceeding is pending not counted towards limitations period).  This statutory
10 tolling did not cover the period beginning March 15, 2000, through December 15, 2000,
11 during which time petitioner had yet to file his request for state habeas relief.  The court
12 estimates this untolled period to be approximately 274 days.

13         Tolling under 28 U.S.C. § 2244(d)(2) ends thirty days after the Supreme Court of
14 California's denial of the final habeas petition is filed, because that is when the denial
15 becomes "final" under California Rule of Court 24.  See Bunney v. Mitchell, 262 F.3d 973,
16 974 (9th Cir. 2001).  Here, the California Supreme Court's denial of petitioner's habeas
17 petition became final on September 12, 2003, thirty days after its August 13, 2003 denial of
18 the state habeas petition.  Accordingly, statutory tolling ended on September 12, 2003, and
19 the statute of limitations under AEDPA began to run again on September 13, 2003.  Yet
20 petitioner did not file the instant petition until June 15, 2004.  The court estimates,
21 therefore, that approximately 275 days ran untolled from September 13, 2003 until June 14,
22 2004.

23         Combined with the untolled period that occurred between the date on which the time
24 to seek review of petitioner's direct appeal expired and the subsequent filing of petitioner's
25 state habeas petition, the total number of untolled days that occurred prior to the filing of
26 the instant federal habeas petition is approximately 549.

27         Based on the above, and depending on whether the court's calculations are correct,
28

and on whether petitioner is entitled to equitable tolling, the instant case may be barred by the AEDPA's statute of limitations.[1]  See generally Tillema v. Long, 253 F.3d 494, 504 (9th Cir. 2001)(circumstances under which equitable tolling may be granted).  Accordingly, the court ORDERS the parties to submit further briefing on the timeliness issue, to allow the court to decide whether it will proceed to the merits of the instant case, or whether it shall be dismissed for untimeliness.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto, upon respondent and respondent's attorney, the Attorney General of the State of California.  The clerk shall also serve a copy of this order on petitioner.

2. In lieu of an answer to the instant petition, respondents shall file with the court and serve on petitioner either a brief or a motion to dismiss, addressing the timeliness issue.  Respondents shall address therein but are not limited to, the discussion set forth above regarding timeliness.  Respondents' brief (or motion to dismiss) shall be filed within thirty days of the date of this order.

3. If petitioner wishes to oppose respondents' brief or motion, he shall do so by filing an opposition with the court and serving it upon respondents, within 14 days of his receipt of respondents' brief or motion.

4. The court will reserve ruling on the merits of the underlying federal habeas

---

[1] The court also notes that there appear to be substantial gaps between the filing of petitioner's three state habeas petitions.  For example, although petitioner's request for review of his direct appeal was denied by the California Supreme Court on December 15, 1999, petitioner did not file his initial state habeas petition with the California Superior Court until a whole year later, on December 15, 2000.  Similarly, although the California Superior Court denied Petitioner's habeas petition on May 10, 2001, petitioner then waited nearly one more year, until April 26, 2002, to file his subsequent habeas petition before the California Court of Appeal.  Since the court's calculation of the dates discussed in this order is sufficient to raise timeliness concerns standing alone, the court does not address here whether these gaps should also count against the applicable tolling period, and leaves the parties to address this issue as necessary, in their subsequent briefing of the issue.

1  petition, until the timeliness issue has been resolved.

**IT IS SO ORDERED.**

Dated: September 26, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge