United States District Court<br>For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MILTONOUS KINGDOM,

    Petitioner,

    v.

A.A. LAMERQUE,

    Respondent.

_____/

No. C 04-2342 PJH

**ORDER GRANTING MOTION TO DISMISS**

Petitioner Miltonous Kingdom ("Kingdom") is a California prisoner currently incarcerated at Folsom State Prison, who filed the instant federal habeas petition on June 15, 2004. On September 26, 2006, this court issued an order for further briefing regarding the timeliness of Kingdom's federal petition because it appeared to the court that Kingdom's petition was filed at least 549 days late. In response to the court's order, the state filed a motion to dismiss, which Kingdom opposed, and the state then filed a reply.

In addition to the 549 days already noted by the court, the state correctly notes in its motion to dismiss that an additional 365 days were not tolled between the time that the state superior court denied Kingdom's state habeas petition on May 10, 2001, and Kingdom filed another state habeas petition with the California Court of Appeal on April 26, 2002. *See Evans v. Chavis*, 546 U.S. 189 (2006); *see also Delhomme v. Ramirez*, 340 F.3d 817, 821 (9th Cir. 2003).[1] Accordingly, Kingdom's federal habeas petition was filed at least 914

---

[1] The state also asserts that the period between the time the state court of appeal denied Kingdom's habeas petition on June 5, 2002, until October 21, 2002, approximately 138 days, when Kingdom filed a habeas petition with the California Supreme Court, is also untolled. This, however, is a closer call in terms of the gap between Kingdom's petitions; and the court, therefore, has not assumed for purposes of this motion, that those 138 days were untolled. *See id.*

days, or more than 2.5 years late. In other words, AEDPA required Kingdom to file his federal habeas petition no later than December 12, 2001.

Kingdom does not dispute that the instant petition was at least 914 days late. Instead, Kingdom's counsel, Charles Gretsch, argues that Kingdom is entitled to equitable tolling based on Gretsch's egregious conduct in filing the petition. Gretsch asserts that he was retained by Kingdom's family in late March or early April 2000, approximately 8 months prior to the expiration of AEDPA's statute of limitations. Gretsch then details a list of his other professional and personal commitments that prevented him from filing a timely federal habeas petition. The commitments and conflicts included the trials of six murder cases; Gretsch's wife, Maureen Kallins' legal problems, which Gretsch asserts required him to assist with her defense; Gretsch's parental obligations; Gretsch's 59th birthday; residential and work-related moves; Gretsch's father's hospitalization; and Gretsch's repairs to his father's house. Gretsch argues that his egregious conduct constitutes extraordinary circumstances entitling Kingdom to equitable tolling, such that Kingdom's federal habeas petition, at least 914 days late, should be considered timely.

AEDPA's one-year statute of limitations may be equitably tolled if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). Equitable tolling is justified in few cases, and "the threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." *Id.* It is the petitioner's burden to show that he is entitled to such tolling, and the determination is a "fact-specific inquiry."

The first question for the court is whether or not Gretsch's conduct constitutes extraordinary circumstances. *Id.* at 801-02. If the court concludes that it does, then the second inquiry is whether, in addition to the existence of extraordinary circumstances based on his counsel's conduct, Kingdom can demonstrate that he personally exercised reasonable diligence in pursuing his federal habeas petition. *See id.* (directing district court to consider on remand the separate question of whether petitioner exercised reasonable

2

diligence).

Ordinary attorney negligence, such as the miscalculation of the statute of limitations deadline, the provision of misinformation regarding the deadline, and/or simple delay, will not constitute extraordinary circumstances. *Id.* at 800 (citations omitted). However, "where an attorney's misconduct is sufficiently egregious, it may constitute an 'extraordinary circumstance' warranting equitable tolling." *Id.*

In *Spitsyn*, the Ninth Circuit held that the conduct of the inmate's attorney was sufficiently egregious to justify equitable tolling of the one-year limitation period. The attorney was hired nearly a full year in advance of the deadline, and he completely failed to prepare and file a petition. *Id.* at 798-99. The inmate, in addition to his family members, contacted the attorney numerous times, by telephone and in writing, but the efforts were fruitless. *Id.* Despite a request that the attorney return the inmate's file, the attorney retained it for the duration of the limitations period and more than two months beyond. *Id.* The court held that the *Spitsyn* attorney's conduct was so deficient as to distinguish it from the merely negligent performance of counsel. *Id.* at 801-02. After concluding that the attorney's conduct constituted "extraordinary circumstances," the *Spitsyn* court then remanded the case to the district court to determine ""whether Spitsyn [himself] exercised reasonable diligence." *Id.* at 800, 802.

Whether or not Gretsch's conduct in this case may be considered "egregious," thus constituting "extraordinary circumstances," is a close call for the court. The fact that Gretsch was retained for nearly four years prior to filing the petition, and at least eight months prior to the expiration of AEDPA's statute of limitations, without any evidence that he was actively pursuing Kingdom's case, suggests egregious behavior. However, this case is missing a key element that existed in *Spitsyn*: evidence of Kingdom's own diligence and efforts in pursuing federal habeas relief. In *Spitsyn*, one of the factors that made the attorney's conduct particularly egregious was his failure to respond to the petitioner's active efforts to pursue his case and the petitioner's pleas for the return of his file. Here, there is

3

absolutely no evidence of diligence on Kingdom's part, an essential requirement in order for this court to conclude that he is entitled to equitable tolling.

Because the court finds that Kingdom has not established that he exercised reasonable diligence in pursuing his federal habeas petition, which was filed at least 914 days late, the court GRANTS the state's motion to dismiss.

The clerk shall close the file.

Dated: February 22, 2007

**IT IS SO ORDERED.**

_____
PHYLLIS J. HAMILTON
United States District Judge