UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MILTONOUS KINGDOM,

    Petitioner,

    v.

A.A. LAMERQUE,

    Respondent.

_____/

No. C 04-2342 PJH

**ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT**

    Petitioner Miltonous Kingdom ("Kingdom"), a California prisoner currently incarcerated at Folsom State Prison, filed a federal habeas petition on June 15, 2004. On February 22, 2007, the court granted respondent's motion to dismiss Kingdom's habeas petition as untimely, and judgment was entered on February 23, 2007. Kingdom's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6), filed November 26, 2008, came on for hearing before this court on January 7, 2009. Kingdom appeared through his counsel, William L. Osterhoudt. Respondent appeared through his counsel, John R. Vance, Deputy Attorney General of the State of California. Having considered the parties' papers and the relevant legal authority, and for the reasons set forth on the record and summarized below, the court DENIES Kingdom's motion.

    First, the court finds that Kingdom's motion, although disguised as a Rule 60(b)(6) motion, is actually a Rule 60(b)(2) motion, and is time-barred because it was not brought within one year of the judgment. *See* Fed.R.Civ.P. 60(c)(1). Because Rule 60(b)(2) and Rule 60(b)(6) are mutually exclusive, Rule 60(b)(6) cannot be used to circumvent the time requirements of Rule 60(b)(2). *Lyon v. Agusta S.P.A.*, 252 F.3d 1078, 1088-1089 (9th Cir. 2001).

Second, even if the court was to treat Kingdom's motion as a proper Rule 60(b)(6) motion, Kingdom has not satisfied the requirements for Rule 60(b)(6) relief. Kingdom's twenty-one month delay in bringing the motion was not "reasonable;" nor does the court find that he has demonstrated "extraordinary circumstances." *See* Fed.R.Civ.P. 60(c) (requiring that a Rule 60(b)(6) motion be brought "within a reasonable time"); *see also Alpine Land & Reservoir Co.,* 984 F.2d 1047, 1049 (9th Cir. 1993) (citing *In re Pacific Far East Lines, Inc.*, 889 F.2d 242, 249-50 (9th Cir. 1989)) ("[w]hat constitutes a reasonable time depends on the facts of each case"); *Gonzalez v. Crosby*, 545 U.S. 524 (2005) (requiring "extraordinary circumstances"). The court does not find that Kingdom's former counsel, Charles Gretsch, committed any fraud upon this court in conjunction with his briefing or arguments regarding respondent's motion to dismiss. Moreover, it appears to the court that Kingdom simply retained new counsel twenty months after the judgment in the case, and that new counsel disagrees with Gretsch's approach or strategy. This fact does not constitute "extraordinary circumstances," nor does it justify the twenty-one month delay.

Finally, even if the court were to reach the merits of Kingdom's Rule 60(b)(6) motion, the underlying equitable tolling issue, the court would find that Kingdom is not entitled to relief. As noted in the court's February 22, 2007 order, the first question is whether or not Gretsch's conduct constitutes extraordinary circumstances. *Spitsyn v. Moore*, 345 F.3d 796, 801-02 (9th Cir. 2003). If so, then the second inquiry is whether, in addition to the existence of extraordinary circumstances based on his counsel's conduct, Kingdom can demonstrate that he personally exercised reasonable diligence in pursuing his federal habeas petition. *See id.*

Previously, the court found that "[t]he fact that Gretsch was retained for nearly four years prior to filing the petition, and at least eight months prior to the expiration of AEDPA's statute of limitations, *without any evidence that he was actively pursuing Kingdom's case*, suggests egregious behavior." However, the thirty-eight exhibits submitted by Kingdom in

conjunction with this motion require the court to re-evaluate its characterization of Gretsch's conduct. The new evidence demonstrates that Gretsch did indeed actively pursue Kingdom's case, was responsive to Kingdom's and Kingdom's mother's requests and correspondence, and pursued habeas relief on Kingdom's behalf as actively and diligently as any other attorney could have been expected to, in spite of existing challenges in Gretsch's personal life. The new evidence further demonstrates that Gretsch's grave error was in his miscalculation of AEDPA's statute of limitations, which was an error that other attorneys could have made at the time as well given the evolving nature of the law regarding the timeliness of habeas petitions. Controlling Supreme Court precedent is clear, though, that this error in calculating the statute of limitations, although significant, does not justify equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007).

Having concluded that Gretsch's conduct did not constitute extraordinary circumstances justifying equitable tolling, it is unnecessary for the court to reach the issue of Kingdom's diligence. *See Spitsyn*, 345 F.3d at 801-02. However, as noted on the record, based on the court's review of the new evidence, it would find that Kingdom exercised reasonable diligence in his efforts to ensure that his federal habeas petition was filed on time. *Id.*

Accordingly, for all of the reasons set forth above and for those stated on the record, Kingdom's motion for relief from judgment is DENIED.

Dated: January 7, 2009

**IT IS SO ORDERED.**

_____
PHYLLIS J. HAMILTON
United States District Judge